**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RAMON DANA SIERRA,

Petitioner,

vs.

JOEL MARTINEZ,

Respondent.

_______________________________/

No. 2:16-CV-1175-KJM-CMK-P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 12). Respondent argues the instant petition was filed beyond the one-year statute of limitations and is, therefore, untimely.

## I. BACKGROUND

Petitioner was convicted of assault with a deadly weapon, false imprisonment by violence, dissuading a witness, threatening a witness, assault with a semi-automatic firearm, first degree residential robbery, misdemeanor sexual battery, and possession of a firearm by a felon. The trial court found that petitioner had a prior strike conviction and five prior prison sentences.

Petitioner was sentenced to a determinate term of sixty three years and eight months. Petitioner's conviction and sentence were affirmed on direct appeal, except the trial court was directed to correct a clerical error in the abstract of judgment. The California Supreme Court denied review on August 27, 2014.

Petitioner then filed the following three state post-conviction actions:[1]

| | |
|---|---|
| First Petition | Butte County Superior Court<br>Filed August 3, 2015<br>Denied August 17, 2015 |
| Second Petition | California Court of Appeal<br>Filed October 30, 2015<br>Denied November 25, 2015 |
| Third Petition | California Supreme Court<br>Filed December 22, 2015<br>Denied April 27, 2016 |

The instant federal petition was filed on May 25, 2016.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court. The so-called "prison mailbox rule" has been extended to apply to other legal documents submitted to the court by prisoners. See e.g. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating rule in terms of any "legal document" submitted by a pro se prisoner). All filing dates outlined herein afford petitioner the benefit of the mailbox rule.

judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his

claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, the California Supreme Court denied review on August 27, 2014, and petitioner did not seek review by the United States Supreme Court. Therefore, the one-year limitations period began to run the day after expiration of the 90-day period to seek review by the United States Supreme Court, or on November 26, 2014, and ended on November 25, 2015, plus any time for tolling.

Respondent concedes that petitioner is entitled to statutory tolling for the 15 days his first petition was pending in state court. As to the 74-day period between denial of the first state petition and filing of the second state petition, respondent argues that petitioner is not entitled to interval tolling because the delay was unreasonable. Petitioner has not filed any opposition offering an explanation for the delay and the court agrees with respondent. See Carey, 536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days

would normally be reasonable). Numerous judges who have considered this issue also agree that a delay of more than 60 days is unreasonable. See Contreras v. Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v. Watson, 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman, 2008 WL 361011 (E.D. Cal. 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL 2695177 (E.D. Cal. 2007) (involving 76-day delay).

Next, respondent argues that petitioner is not entitled to statutory tolling for the time the second petition was pending in state court because it was not properly filed. Specifically, respondent contends that, because petitioner unreasonably delayed between the first and second petition, the second petition was untimely under state law and, therefore, not properly filed. Again, petitioner has offered no explanation for the delay and the court agrees with respondent. See Curiel v. Miller, 2016 WL 394172 (9th Cir. July 25, 2016) (en banc).

As to the time between denial of the second state petition and filing of the third state petition, the court agrees with respondent's unopposed argument that, because the second petition was not properly filed due to petitioner's unreasonable and unexplained delay, the limitations period continued to run without any tolling for all the time following denial of the first state court petition through, at the earliest, the filing of the third state petition. As of the date petitioner filed the third state petition, however, the one-year limitation period had expired. Specifically, by the time petitioner filed the first state petition on August 3, 2015, 251 days of the limitation period had elapsed. The limitation period was tolled for the 15 days the first state petition was pending and continued to run during the 74-days interval between the first and second state petitions. The limitation period also continued to run for the 26 days between the time the second state petition was filed and denied because, as discussed above, the second petition was not properly filed. Thus, by the time the second state petition was denied on November 25, 2015, a total of 351 days of the one-year limitation period had elapsed. By the time petitioner filed the third state petition 27 days later on December 22, 2015, the one-year

limitation period had expired and the third petition has no consequence on the timeliness of the instant federal petition.

Because the limitation expired in December 2015 and this petition was not filed until May 2016, it is untimely.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2016

Craig M. Kellison

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE